UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUCY M. NAVARRETE,

    Plaintiff,

v.                               Case No: 2:16-cv-225-FtM-99MRM

EXPERIAN INFORMATION SOLUTIONS, INC. and IBERIABANK,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant IberiaBank's Motion to Dismiss (Doc. #17) filed on April 21, 2016. Plaintiff filed a Response (Doc. #27) on May 19, 2016, to which IberiaBank filed a Reply (Doc. #35) on June 7, 2016, and plaintiff filed a sur-reply (Doc. #36) on June 14, 2016. Also before the Court is defendant IberiaBank's Request for Judicial Notice (Docs. ##18, 29), originally filed on April 21, 2016 and corrected on May 23, 2016, to which plaintiff filed a Response (Doc. #28) on May 19, 2016.

**I.**

Plaintiff's Complaint (Doc. #1) contains the following allegations:

In September of 2015, plaintiff obtained a copy of her credit report and noticed an inaccurate report for her IberiaBank account

#170270XXXXX.  (Id. ¶ 24.)  On September 15, 2015, plaintiff sent a letter disputing the inaccurate report to Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681i. (Id. ¶ 25.)  The letter listed the entry that plaintiff disputed and explained that the account was a mortgage loan and, based upon plaintiff's payment default in February, 2009, was foreclosed on in 2009. (Id. ¶ 26.) Judgment was entered in the foreclosure proceeding on June 4, 2010 and the property was sold at foreclosure auction on July 9, 2010. (Id.)  In the letter, plaintiff explained that the lender did not pursue a deficiency on the mortgage debt, therefore pursuant to section 95.11, Florida Statutes, the lender's right to pursue a deficiency action expired on July 1, 2014.  (Id.)  Plaintiff demanded the reference to the account be removed as inaccurate because the lender no longer had the right to collect.  (Id.)

    TransUnion, Experian, and Equifax sent Automated Credit Dispute Verification (ACDV) forms to IberiaBank regarding plaintiff's IberiaBank tradeline. (Id. ¶¶ 27, 30, 33.)  On September 28, 2015, TransUnion returned the results of its investigation and reported account #170270XXXXX as "deleted." (Id. ¶¶ 28-29.)  On October 21, 2015, Experian returned the results of its investigation and reported account #170270XXXXX as "remains." (Id. ¶¶ 31-32.)  On October 23, 2015, Equifax returned the results of its investigation and reported account #170270XXXXX as "deleted." (Id. ¶¶ 34-35.)

Plaintiff brought this action on March 22, 2016 against IberiaBank and Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act (FCRA). (Doc. #1.) Plaintiff alleges that "IberiaBank violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to update and/or remove the inaccurate tradeline or . . . report the account as 'disputed.'" (Id. ¶¶ 36, 56.) Experian Information Solutions, Inc. filed an Answer and Affirmative Defenses (Doc. #13) on April 18, 2016 and IberiaBank filed a Motion to Dismiss (Doc. #17) on April 21, 2016. Defendant also filed a Request for Judicial Notice (Docs. ##18, 29), seeking judicial notice of documents filed in the state court foreclosure proceeding, the Assignment of Mortgage, and the Purchase and Assumption Agreement between the FDIC for Orion Bank and IberiaBank.

**II.**

The Court will first review IberiaBank's Request for Judicial Notice[1] (Docs. ##18, 29) to determine whether the documents

---

[1] IberiaBank filed its initial Request for Judicial Notice on April 21, 2016. (Doc. #18.) On May 23, 2016, IberiaBank filed a Corrected Request for Judicial Notice indicating that it had attached the wrong Purchase and Assumption Agreement to its initial Request for Judicial Notice, and requesting the Court to take judicial notice of the Purchase and Assumption Agreement between

3

IberiaBank seeks judicial notice of can be properly considered when ruling on IberiaBank's Motion to Dismiss.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)); Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) ("[A] district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion unto a Rule 56 motion." (citation omitted)). Additionally, a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted).

---

"Federal Deposit Insurance Corporation Receiver for Orion Bank and IBERIABANK dated November 13, 2009." (Doc. #29, p. 2.)

4

Plaintiff does not oppose the Court taking judicial notice of the loan documents filed in the state court proceeding. (Doc. #36, p. 1.) Accordingly, the Court will take judicial notice of these documents.

Plaintiff does oppose, however, the Court taking judicial notice of the Purchase and Assumption Agreement and the Assignment of Mortgage. (Id. at 1-2.) Contrary to plaintiff's assertion (Doc. #28, p. 3), the Court finds that the Assignment of Mortgage is a public record, recorded in the Lee County Public Records, Instrument Number 2010000056450. Further, the Purchase and Assumption Agreement is available on the FDIC's government website. See FAS Capital, LLC v. Carr, 7 F. Supp. 3d 1259, 1267 (N.D. Ga. 2014) (collecting cases where "courts have defined 'public records' to include facts found on the websites of the FDIC and other government agencies."). Therefore the Court finds both documents appropriate for judicial notice. However, as plaintiff questions the authenticity of these documents, the Court declines to take judicial notice of the Assignment of Mortgage and Purchase and Assumption Agreement at this time. (Doc. #36, pp. 1-2.) See Bros. v. Saag, No. 4:13-CV-466-VEH, 2014 WL 838890, at *4 (N.D. Ala. Mar. 4, 2014) (declining to take judicial notice of note, mortgage, and assignment where the documents were disputed). But see Barber v. Rubin Lublin, LLC, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *3-4 (N.D. Ga. Dec. 20, 2013) (taking judicial notice

5

of conveyance, security deed, and assignment despite assertion that they may be fraudulent where no specific basis was asserted for believing documents were fraudulent). Further, even if the Court were to take judicial notice of these documents, it would only be of the fact that the documents and the statements they contain exist, and not for the truth of the matters asserted therein. Bryant v. Avado Brands, Inc., 187 F.3d at 1278.

### III.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**IV.**

IberiaBank moves to dismiss plaintiff's Complaint on the bases that (1) pursuant to the FDIC Extender statute, at the time the dispute letter was sent, the statute of limitations had not yet run and IberiaBank was still entitled to bring a deficiency action and (2) IberiaBank is allowed to continue reporting the debt for seven years regardless of the ability to collect the debt. (Doc. #17.) In response, plaintiff argues that (1) IberiaBank is improperly relying on matters outside of the four corners of the complaint, (2) the debt is barred by the Florida deficiency statute of repose and statute of limitation for breach of contract, and

7

(3) plaintiff has adequately stated a claim against IberiaBank under 15 U.S.C. § 1681s-2(b) for failing to reasonably investigate and update its inaccurate and misleading credit report. (Doc. #27.)

Examining the four corners of the Complaint, and the matters that the Court has judicially noticed, the Court is unable to determine whether IberiaBank is in fact allowed to utilize the FDIC Extender Statute.[2]  Accordingly, the Court is unable to determine whether IberiaBank was entitled to bring a deficiency action at the time plaintiff sent the dispute letter.

The crux of IberiaBank's motion to dismiss is that because the statute of limitations had not run at the time that plaintiff sent her dispute letter, the continued reporting of the debt was appropriate and not a violation of the FRCA. (Doc. #17, pp. 4-7.)  However, plaintiff's FCRA claim is not solely based on IberiaBank's failure to remove the credit report regarding the IberiaBank tradeline.  It also alleges that IberiaBank violated the FCRA by "failing to conduct a reasonable investigation with

---

[2] The FDIC Extender Statute has been interpreted to not only apply to actions brought by the conservator or receiver, but also to the assignees of the FDIC, as they stand in the shoes of the assignor. See LLP Mortgage Ltd. v. Tucker, 48 So. 3d 115, 116-17 (Fla. 3d DCA 2010); Caddle Co. II, Inc. v. Stamm, 633 So. 2d 45 (Fla. 1st DCA 1994) (holding that the extended statute of limitations apples in actions brought by assignees of the FDIC). However, the plaintiff's Complaint doesn't allege that IberiaBank is an assignee of the FDIC, and the Court finds that ruling on the merits of the allegations is more appropriately addressed at a later stage of the proceedings.

respect to the disputed information, failing to review all relevant information available to it, and failing to update and/or remove the inaccurate tradeline . . . ." (Doc. #1, ¶¶ 36, 56.) IberiaBank has not presented any basis for dismissing plaintiff's FCRA claims regarding these allegations. Accordingly, IberiaBank's Motion to Dismiss is denied.

Accordingly, it is now

**ORDERED:**

1. Defendant's Request for Judicial Notice (Doc. #18), as Corrected (Doc. # 29), is **granted in part and denied in part**.

2. Defendant IberiaBank's Motion to Dismiss (Doc. #17) is **DENIED.**

3. IberiaBank shall have **FOURTEEN (14) DAYS** from the date of this Opinion and Order to file a responsive pleading to plaintiff's Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

9